SKOPIL, Senior Circuit Judge,
dissenting:
Singh’s testimony clearly conflicted with statements he made to an asylum officer. Specifically, there were conflicts regarding the details of each of Singh’s arrests, causing the IJ to question whether the arrests occurred at all. For example, there were discrepancies regarding when the first arrest occurred. Singh also gave conflicting reports regarding the time and place of his second arrest and whether he was walking or riding his scooter. Finally, Singh offered three different versions of when he was arrested the third time. In my view, such discrepancies are substantial and go to the heart of a claim of persecution. See Singh v. Gonzales, 439 F.3d 1100, 1108 (9th Cir.2006) (“An inconsistency goes to the heart of a claim if it concerns events central to petitioner’s version of why he was persecuted and fled.”). Moreover, when viewed cumulatively, they “deprive [Singh’s] claim of the requisite ring of truth.” Rivera v. Mukasey, 508 F.3d 1271, 1275 (9th Cir.2007) (internal quotation marks omitted).
Because I contend we should uphold the adverse credibility finding, we would also consider Singh’s argument that the IJ improperly relied on statements made to the asylum officer. Indeed, we have observed that “[c]ertain features of an asylum interview make it a potentially unreliable point of comparison to a petitioner’s testimony for purposes of a credibility determination.” Singh v. Gonzales, 403 F.3d 1081, 1087 (9th Cir.2005). Singh’s interview, however, was conducted under oath, the officer’s notes were admitted into the record, and the officer testified at the hearing and was cross-examined. Given these circumstances, I would conclude the IJ did not err by relying on the statements Singh made to the asylum officer.
If Singh failed to establish past persecution, he is neither entitled to a presumption of future persecution nor does the evidence “compel a finding that future persecution is an objectively reasonable possibility.” See Nahrvani v. Gonzales, 399 F.3d 1148, 1154 & n. 4 (9th Cir.2005). He therefore also failed to meet the higher *402 burden required for withholding of removal. See Kumar v. Gonzales, 439 F.3d 520, 525 (9th Cir.2006). Because his claim of torture is based on the same statements and evidence the IJ determined not to be credible, Singh’s CAT claim was also properly rejected. See Farah v. Ashcroft, 348 F.3d 1153, 1157 (9th Cir.2003).
I would deny the petition for review.